OPINION
{¶ 1} Franz Hardin appeals from his conviction of felonious assault on a peace officer with a firearm specification and having a weapon while under a disability. Hardin received a sentence of three (3) years on the firearm specification, ten (10) years on the felonious assault conviction, and three (3) years on the weapons charge with the latter two sentences to be served consecutively for an aggregate sentence of sixteen (16) years.
 {¶ 2} In his first assignment of error, Hardin contends the trial court erred in imposing more than the minimum sentences for the firearms assault and weapons charges after making certain judicial fact findings without intervention of a jury in violation of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In particular, Hardin notes that the presumptive minimum sentence for the felonious assault charge was a three-year (3) prison term, but the court imposed the maximum term of ten (10) years and the minimum term for the weapons charge was one (1) year, but the court imposed a three-year (3) sentence on that charge.
 {¶ 3} In a related second assignment, Harlin contends the trial court again erred in imposing consecutive sentences on the felonious assault and weapon charges after making certain factual findings in violation ofState v. Foster, supra.
 {¶ 4} Prior to deciding the appropriate type and length of sentence, the trial court made certain findings of fact:
 {¶ 5} "On the felonious assault in count 1, the Court finds that offense to be more serious given the nature of the conduct, victim, the risk of harm involved. There's no less serious factors because there was actual property damage involved. Recidivism on both counts is found to be likely given the prior criminal history, prior prison sentence, unsuccessful parole and probation violations. On the weapons under disability, the Court finds those factors are balanced. One more serious and one less serious factor. So the weapon under disability charge is balanced on severity factors. Felonious assault is more serious.
 {¶ 6} "Sentencing factors the Court uses in imposing its sentence include the use of a firearm, the prior prison sentences imposed. The Court finds that the offense in felonious assault is the worst form of the offense given Mr. Hardin's prior criminal history. It is the greatest likelihood of recidivism. If there was a repeat violent offender specification filed, I would have found that that specification had been satisfied. I'll make a finding that he's a repeat violent offender. Not within definition of the specification but by his conduct in prior criminal history." (Tr. at 22, 23.)
 {¶ 7} The Court next made a judicial finding of fact that "in this particular case consecutive sentences are going to be necessary to protect the public, not demean the seriousness of the offense, to punish the Defendant. The Court finds that no single prison term would adequately punish in view of the conduct and also in view of the risk in the future." (Tr. at 23.)
 {¶ 8} Hardin contends the judgment of the trial court should be reversed and remanded so that the trial court can impose the minimum sentences on the two felonies and run them concurrently.
 {¶ 9} The State concedes that the trial court erred pursuant to the holding in State v. Foster since Hardin's direct appeal was pending at the time of the Foster ruling. It does not agree the trial court must impose minimum and concurrent sentences upon re-sentencing Hardin. We agree with the State's argument in that regard. The Appellant's two assignments of error are Sustained. The judgment of the trial court is Reversed and Remanded for further proceedings.
Grady and Donovan, JJ., concur.